UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| David Thomas Miller, # 291418, ) | C/A No.: 4:08-3745-GRA-TER |
| Plaintiff, ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| Independent Health Services; ) | |
| Defendants. ) | |

## I. PROCEDURAL BACKGROUND

The plaintiff, David Thomas Miller, ("plaintiff/Miller"), filed this action under 42 U.S.C. § 1983[1] on November 13, 2008. At all times relevant to the allegations in the plaintiff's complaint, he was housed in the Dillon County Detention Center (DCDC). On December 21, 2009, defendant filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure along with a memorandum and exhibits in support of that motion.[2] (Doc. #43). Because the plaintiff is proceeding pro se, he was advised on or about December 23, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the defendant's motion for

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

[2] Defendant submitted a supplemental response to the jurisdiction inquiry. Defendant asserts this court has diversity jurisdiction in that plaintiff has requested Two Million dollars meeting the amount in controversy element and the parties are diverse. Furthermore, defendant contends that plaintiff is a prisoner within the SCDC and housed in Columbia, South Carolina, and defendant is an Alabama corporation with its principal place of business and corporate offices located in Rainsville, Alabama. (See doc. #51).

summary judgment with additional evidence or counter affidavits could result in dismissal of his complaint. The plaintiff filed a response in opposition on December 30, 2009.

## II.  DISCUSSION

### A.  ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

The plaintiff alleges that his constitutional rights were violated due to defendant Independent Health Services ("IHS") incorrectly filling his prescriptions while he was housed at the DCDC. Plaintiff asserts that he was given a prescription for mental health related prescription medications by Dr. Sachdev from Tri-County Community Mental Health Center. (Complaint). Plaintiff contends that IHS, "was/is a license pharmacist cont[r]acted to fill all DCDC prescriptions and non-prescriptions and medical supplies." (Id.). Plaintiff argues that a prescription can only be filled one time until re-written and assigned a new prescription number. (Id.). Plaintiff alleges that IHS incorrectly filled prescription medications for the DCDC and plaintiff from January 29, 2007, to April 10, 2008, which was written by Dr. Sachdev of TCMH by "filling excess amounts above amount order, below amounts of amount ordered, incorrectly labeled, incorrect medications labeled." (Complaint). As a result, plaintiff alleges he complained that he believed he was being given the wrong medication because he was having the following: "Going days without sleep, violent outbreaks/actions, uncontrollable behavior, suicide attempts, causing bodily injuries, attacking staff/others and etc." (Complaint at 4). Plaintiff alleges that after complaining to Dr. Sachdev, the doctor contacted the DCDC nurse regarding plaintiff's medications and was assured that plaintiff was being given the "medication they received to DCDC for him." (Complaint at 4). Plaintiff alleges that "DCDC nurse/staff is not pharmacists so they had know[sic] knowledge that

2

IHS was incorrectly filling and/or labeling the prescription medication daily/nightly dosage packs for the plaintiff/DCDC." (Complaint at 4-5). Plaintiff requests monetary damages in the amount of two million ($2,000,000.00) dollars.

Defendant filed a motion for summary judgment asserting plaintiff failed to provide expert testimony on the applicable standard of care or defendant's nonconformance thereto. Therefore, defendant argues there is no genuine issue of material fact. Additionally, defendants assert plaintiff has failed to show that a misfilled, mislabeled, or incorrect prescription caused the alleged injuries and that plaintiff has offered no evidence that any of his alleged injuries were caused or contributed to by receiving medication that was incorrect, mislabeled, or misfilled by defendant and that the medical records indicate plaintiff's mental conditions predated his alleged injuries. Defendants argue the medical records indicate plaintiff had a long history of obsessive behavior, auditory hallucinations, and visual hallucinations which are the symptoms plaintiff alleges he suffered as a result of receiving the incorrect medications from IHS.

## B. STANDARD FOR SUMMARY JUDGMENT

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material

3

fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

### C. NEGLIGENCE

As previously stated, plaintiff has brought this claim alleging defendant was negligent in filling his prescriptions incorrectly.

Since the alleged negligence occurred in South Carolina, the substantive law of South Carolina controls. See United States v. Neustadt, 366 U.S. 696, 706 n. 15, 81 S.Ct. 1294, 6 L.Ed.2d

4

614 (1961). Accordingly, the claims relating to care provided should be evaluated in accordance with South Carolina Tort Law.

In order to establish negligence in South Carolina, a plaintiff must establish: (1) a duty the defendant owes the plaintiff; (2) a breach of that duty by the defendant by a negligent act or omission; (3) that such breach was the actual and proximate cause of the plaintiff's injury; and (4) injury or damages. Doe v. Marion, 373 S.C. 390, 645 S.E.2d 245, 250 (2007). The absence of any one of these elements render the cause of action insufficient. Harley v. U.S. 2009 WL 187588 (D.S.C. January 26, 2009) *citing* S.C. State Ports Auth. V. Booz-Allen & Hamilton, Inc., 289 S.C. 373, 346 S.E.2d 324, 325 (S.C. 1986). Here, plaintiff has failed to establish a claim. Plaintiff has not set forth any evidence, aside from his own conclusory allegations, that defendant failed to conform their conduct to a required standard or were negligent. Plaintiff has failed to establish that any prescription was filled incorrectly and, if so filled incorrectly, that the incorrect prescription more than likely caused the injuries alleged. Plaintiff failed to establish any causal link between the alleged behavior and any injury. Ultimately, plaintiff failed in his burden of proof. Additionally, plaintiff has offered no expert testimony to support his allegations. Plaintiff has shown no evidence that defendant's breach of some duty was the "thing which caused injury." Negligence is not actionable unless it is the proximate cause of plaintiff's injury. Williams v. Apac Atlantic Inc., 2010 WL 569735 (D.S.C. February 11, 2010) *citing* Hughes v. Children's Clinic, P.A., 269 S.C. 389, 237 S.E.2d 753, 757 (S.C.1977). Plaintiff has provided no expert testimony or probative evidence to show a causal connection between his allegations of negligence on behalf of the pharmacy by incorrectly filling prescriptions for him and any alleged injury. Therefore, it is recommended that this action be dismissed.

## III. CONCLUSION

Based on the above reasoning, it is RECOMMENDED that defendant's motion for summary judgment (doc. #43) be GRANTED and this claim dismissed.

It is further recommended that any outstanding motions be deemed MOOT.[3]

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 7, 2010
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[3] In his response to the motion for summary judgment, plaintiff asserts that defendant did not respond to his discovery requests and that he filed a motion with the court to order the defendant to respond. However, a review of the docket sheet reveals that plaintiff did not file a motion to compel with the court. Thus, plaintiff has not complied with Local Civil Rule 37.01 and 7.04, D.S.C. Additionally, in the document submitted by defendant, plaintiff seeks a copy of "all document(s)/files/evidence/Et Cetra. That the plaintiff is entitled to receive from the defendant(s) in this case" which is clearly overly broad and vague. (See doc. #43-2)